1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

CHERYL PENNANT,

10                           Plaintiff,

11        v.

12  BOEING EMPLOYEES CREDIT UNION
    FINANCIAL SERVICES, INC., and
13  COLLECTION AGENTS 1-10,

14                           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No.

NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. § 1441(b)

(Federal Question)

15

16  TO:    THE CLERK OF THE ABOVE-ENTITLED COURT

17        PLEASE TAKE NOTICE THAT Defendant Boeing Employees' Credit Union Financial

    Services, Inc. ("BECU") hereby removes to this Court the state court action described below:
18
19        1.    The Lawsuit.  On September 8, 2011, Plaintiff Cheryl Pennant filed a putative

20  class action lawsuit in the Superior Court of the state of Washington in and for King County,

21  captioned as *Cheryl Pennant v. Boeing Employees Credit Union Financial Services, Inc. and*

    *Collection Agents 1-10*, which was filed under King County Superior Court Cause No. 11-2-
22
23  30999-1 SEA ("Lawsuit").  In her Complaint For Money Damages, Injunctive and Declaratory

24  Relief ("Complaint"), Plaintiff alleges claims under the federal Telephone Consumer Protection

25  Act ("TCPA"), 47 U.S.C.§ 227(b)(1)(A)(iii); the federal Fair Debt Collection Practices Act, 15

26  U.S.C.  §  1692(c)(a)(2)  ("FDCPA");  the  Washington  Collection  Agency  Act,  RCW

NOTICE OF REMOVAL - 1
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51173163.2

1    19.16.250(16); and the Washington Consumer Protection Act ("CPA"), RCW 19.86.020.

2    Pursuant to LR 101(b), the undersigned counsel verifies that true and complete copies of all the

3    records and proceedings in the Lawsuit, including copies of the Summons, the Complaint, and

4    the Order Setting Civil Case Schedule, which were served upon BECU, are attached hereto as

5    Exhibit A.

6         2.    Timeliness of Removal.   BECU was served with the Lawsuit on September 16,

7    2011.  Removal is, therefore, timely under 28 U.S.C. § 1446(b) because it is within thirty days

8    from the date when BECU received the Complaint setting forth the claims for relief upon which

9    the Lawsuit is based.

10        3.    Federal Question Jurisdiction.   The Lawsuit is a civil action involving a federal

11   question of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which

12   may be removed to this Court by BECU pursuant to the provisions of 28 U.S.C. § 1441(b).  The

13   Lawsuit asserts clams under the FDCPA.   An FDCPA claim is a federal cause of action for

14   which this Court has original jurisdiction and is removable under 28 U.S.C. § 1441(b) without

15   regard to the citizenship or residence of the parties.  15 U.S.C. § 1692k(d) ("An action to enforce

16   any liability created by this subchapter may be brought in any appropriate United States district

17   court without regard to the amount in controversy, or in any other court of competent

18   jurisdiction, within one year from the date on which the violation occurs.").   Removal is also

19   proper to the Western District of Washington at Seattle because the district and division embrace

20   King County, Washington.

21        4.    Supplemental Jurisdiction.   Pursuant to 28 U.S.C. § 1367(a), this Court has

22   "supplemental jurisdiction over all other claims that are so related to claims in the action within

23   such original jurisdiction that they form part of the same case or controversy."   The same facts

24   support all of Plaintiff's claims in her Complaint, there are no unusually novel or complex issues

25   of state law, and none of the state law claims predominate over the federal FDCPA claim.  *See*

26   28 U.S.C. § 1367(c).  Supplemental jurisdiction over the TCPA and state law claims is proper

NOTICE OF REMOVAL - 2
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51173163.2

because the FDCPA claim provides an independent basis for federal question subject matter jurisdiction. *See, e.g., Kinder v. Citibank*, 2000 WL 1409762, at *3 (S.D. Cal. Sept. 14, 2000) (asserting supplemental jurisdiction over the TCPA claims where the FDCPA claim established federal question subject matter jurisdiction); *Driesen v. First Revenue Assurance, LLC*, 2010 WL 5090363, at *2 (D. Ariz. Dec. 8, 2010) (federal courts can assert supplemental jurisdiction over TCPA claims under 28 U.S.C. § 1367(a)). Accordingly, this Court has supplemental jurisdiction to hear and decide all claims asserted by Plaintiffs in the Complaint. *See* 28 U.S.C. § 1441(c).

     5.   <u>All Necessary Defendants Have Joined in Removal.</u>  BECU is the only specifically identified defendant, and the only defendant to have been served with the Lawsuit; therefore, all necessary defendants have joined in this Notice of Removal.

     DATED this 12th day of October, 2011.

FOSTER PEPPER PLLC


*/s/ Neil A. Dial*
Tim J. Filer, WSBA #16285
Neil Dial, WSBA #29599
Attorneys for Defendant Boeing Employees
Credit Union Financial Services, Inc.
1111 Third Avenue, Suite 3400
Seattle, Washington 98101-3299
Telephone: (206) 447-4400
Facsimile: (206) 447-9700

NOTICE OF REMOVAL - 3
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51173163.2

**<u>EXHIBIT A</u>**

 **King County**   Home   News   Services   Comments   Search

## ECR Online   SUPERIOR COURT CLERK'S OFFICE                    Home | Logout | Help

### All Documents

**My Account Info**
| | |
|---|---|
| Pages Remaining: | 876 |
| | Buy More |
| Pages Selected: | 0 |
| Reports Selected: | 0 |
| Amount Remaining: | 131.45 |
| Amount Purchased: | 9349.30 |

**INSTRUCTIONS**

▷ 1) Select the documents you wish to purchase by checking the box to the left of the Sub #.
2) Click on the Get Document button.

All Documents    Viewable

Case Number: 11-2-30999-1    Case Title: PENNANT VS BOEING EMPLOYEES CREDIT UNION FINANCIAL SERVICES INC    Filter By: - All -

| Select | Sub #▲ | Pages | Date | Description |
|---|---|---|---|---|
| ☐ | 1 | 13 | 09/08/2011 | COMPLAINT |
| ✓ | 2 | 6 | 09/08/2011 | SET CASE SCHEDULE |
| ✓ | 3 | 1 | 09/08/2011 | CASE INFORMATION COVER SHEET |
| ✓ | 4 | 2 | 09/08/2011 | SUMMONS |
| ✓ | 5 | 13 | 09/08/2011 | COMPLAINT |
| ✓ | 6 | 1 | 09/21/2011 | AFFIDAVIT/DCLR/CERT OF SERVICE |
| ✓ | 7 | 2 | 10/05/2011 | NOTICE OF APPEARANCE /DEFT |
| ✓ | 8 | 2 | 10/05/2011 | AFFIDAVIT/DCLR/CERT OF SERVICE |

Get Document(s)

King County | News | Services | Comments | Search

Links to external sites do not constitute endorsements by King County.
By visiting this and other King County web pages,
you expressly agree to be bound by terms and conditions of the site.
The details.

Build: 1.0.0.40.2
Environment: Production

FILED

11 SEP 08 PM 3:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-30999-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

CHERYL PENNANT,

                Plaintiff,

vs.

BOEING EMPLOYEES CREDIT UNION
FINANCIAL SERVICES, INC., and
COLLECTION AGENTS 1-10,

                Defendants.

Case No.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY
RELIEF

      Plaintiff Cheryl Pennant, individually and as class representative for two National

Classes of similarly situated individuals and a Washington State Class of similarly situated

individuals, alleges as follows:

## I. PARTIES, JURISDICTION, VENUE

      1.1     Defendant Boeing Employees Credit Union Financial Services, Inc., (BECU) is

a credit union with its principal offices in Seattle, Washington.

      1.2     Defendants Collection Agents 1-10, whose names are presently not known but

which Plaintiff anticipates will be identified through discovery, are licensed debt collection

companies doing business in Washington State and other states. Upon identification of

Collection Agents' true names, Plaintiff will request leave to amend this Complaint to name

WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

said Collection Agents as defendants in this action. The Defendant BECU hired or contracted

with Defendant Collection Agents to perform debt collection services for BECU.

1.3    Plaintiff Cheryl Pennant was, at all pertinent times, a resident of Lynnwood,

Snohomish County, Washington, and the owner of the cellular telephone on which she receives

calls, including those which are the subject of this Complaint.

1.4    The calls in question were received on Plaintiff Pennant's cellular telephone in

Snohomish County, Washington, or other locations where Plaintiff was in possession of her

cellular telephone.  When the calls were received, Ms. Pennant's only telephone was her

cellular telephone.

1.5    Venue and jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and

Washington Constitution Article 4, § 6.

## II. FACTS

2.1    On multiple occasions in 2011, Defendants placed calls to Plaintiff Pennant's

cellular telephone number in order to collect debts allegedly owed by said Plaintiff to

Defendant BECU.  Between approximately April 1, 2011 and the present Defendants placed

approximately 120 such calls to Plaintiff Pennant, sometimes calling up to five times per day

and more than fifteen times in a single week.

2.2    Defendants made some or all of the calls by utilizing "automatic telephone

dialing equipment" otherwise known as ADAD and/or predictive dialer equipment.  The calls

were received from various numbers, including 206-439-5700 and 5787, 206-890-1949, 800-

289-8004, 206-812-5370, 877-500-7607, 888-918-7331, and "Unknown" which showed on

Plaintiff Pennant's caller ID and in her cellular telephone history.  Defendants placed these

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 2



WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

calls to Ms. Pennant's cellular telephone number in an effort to reach her for collection

purposes.

     2.3    Plaintiff Pennant has been a member of BECU for over 10 years, and since that

time, Plaintiff obtained a Visa Card and an unsecured line of credit from BECU. While she

does not recall doing so, Plaintiff may have provided Defendant BECU with her cellular

telephone number in a credit application or during a telephone call. In approximately March,

2011, Plaintiff was financially unable to continue payments on the BECU Visa card, BECU

line of credit, and on other of her debts and retained counsel to assist her in planning to file a

federal Chapter 13 bankruptcy petition and seeking a stay of collection efforts against her.

     2.4    On or about April 1, 2011, Ms. Pennant received a call on her cellular telephone

from "Stacy," a representative of BECU, advising her that her account was past due. Ms.

Pennant responded that she was filing for bankruptcy, and provided the BECU representative

with the name and contact information, including telephone number, for her bankruptcy lawyer.

The BECU representative stated that BECU would not stop their collection calls to Plaintiff

Pennant until they had a bankruptcy case number. Despite being advised of the name and

contact information for her bankruptcy attorney, BECU called Plaintiff Pennant on her cellular

telephone another approximately 25 times between April 1 and April 27, 2011, never leaving a

message on her telephone answering machine but, nevertheless, tying up the line for the period

of time during which the call was connected.

     2.5    On April 27, 2011, Plaintiff Pennant returned an ADAD telephone call from

Defendant BECU to 206-439-5787, again advised the answering party that she was in the

process of planning to file Chapter 13 bankruptcy and again provided her attorney's name and

telephone number as her contact information. The BECU representative advised Plaintiff

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 3


WILLIAMSON & WILLIAMS  17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Pennant that they could continue to call her because they were a first party trying to collect a debt.

2.6     Between April 27, 2011 and May 14, 2011, Defendants placed approximately 23 ADAD calls to Plaintiff Pennant's cellular telephone, hanging up when her voice mail picked up the calls. On May 14, 2011, Plaintiff received a call on her cellular telephone from 206-439-5787, which she answered and again advised the BECU representative that she was still in the process of planning a Chapter 13 bankruptcy and provided her attorney's contact information, and the representative responded that BECU was still going to call her because there was no case number yet and they were a first party collector.

2.7     Between May 14, 2011 and June 2, 2011, Defendants placed approximately 30 ADAD calls to Plaintiff Pennant's cellular telephone from various telephone numbers, hanging up whenever the answering machine picked up the call. On June 1 and June 2, 2011, Defendants also placed one ADAD call each day to Plaintiff Pennant's cellular telephone from "unknown" numbers and left automated voice messages on Plaintiff Pennant's voice mail which said: "Again, you are being contacted by BECU. Please call 206-812-5370 or 800-233-2328 x 5370. Again, this is not a solicitation. Please call as soon as you receive this message." On June 2, 2011, Plaintiff Pennant returned a call to 206-812-5370 and again advised BECU that she was planning a Chapter 13 bankruptcy proceeding and there was no case number yet. Plaintiff Pennant then specifically warned BECU that they were calling her cell phone, that she was represented by counsel, and that BECU may no longer contact her at her cell phone number. Plaintiff then again referred BECU to her attorney. The BECU representative "Diana" responded that, because they were a first party collector, BECU would continue to call Plaintiff, but, also that, due to the number of calls Plaintiff was receiving and Plaintiff's request

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 4



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamlaw.com

that the calls stop, the representative would try to "push through a charge off" to see if that would help reduce or eliminate the telephone calls.

2.8     On June 3, Defendants placed two ADAD calls to Plaintiff from a new telephone number, 877-500-7697, and left no messages. On June 4, Defendants placed another ADAD call to Plaintiff from another new telephone number, 888-918-7331, and left no message. On June 6, 2011, Defendants placed three separate ADAD calls to Plaintiff Pennant. The first call, at approximately 9:24 a.m. did not leave a message. The second call at approximately 10:33 a.m. from "unknown" left a prerecorded message stating, in essence "Again, you are being contacted by BECU. Please call 206-812-5370 or 800-233-2328 x 5370. Again, this is not a solicitation. Please call as soon as you receive this message". Plaintiff Pennant immediately returned the second call which was answered by a BECU representative. Plaintiff advised BECU that she was still in the process of planning her bankruptcy proceeding but there was no case number yet, and asked that BECU please stop calling her as they were calling her cellular telephone and she was represented by counsel. She once again provided BECU with the name and telephone number of her legal counsel. At approximately 6:57 p.m. on June 6, 2011, BECU again placed an ADAD call to Ms. Pennant's cellular telephone from "unknown," but did not leave a message on her answering machine.

2.9     Between June 6, 2011 and June 28, 2011, Defendants placed approximately 18 ADAD calls to Ms. Pennant's cellular telephone from various numbers, at least six of which left automated messages identical to the message left on June 6, 2011 on Ms. Pennant's cellular telephone answering machine, and the remainder of which were "hang up" calls. On June 28, 2011, Ms. Pennant returned one of the calls to 206-812-5370, which was answered by a BECU representative. Ms. Pennant advised the representative that she was still in the process of



WILLIAMSON & WILLIAMS   17253 ASHE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (fax)
www.williamslaw.com

planning a bankruptcy, said that she did not yet have a case number, and asked that BECU stop calling as they were calling her cellular telephone number and she was represented by counsel. Once again she provided that counsel's name and telephone number.

2.10    Between June 28, 2011 and the present, Defendants have placed another approximately 20 ADAD calls to Plaintiff Pennant's cellular telephone from various numbers, at least four of which left automated messages on Ms. Pennant's cellular telephone answering machine identical to the message left on June 6, 2011, and the remainder of which, save one, were "hang up" calls. On August 17, 2011, Ms. Pennant returned one of the calls, which was answered by a BECU representative. Ms. Pennant advised the representative that she was still in the process of planning a bankruptcy, said she did not yet have a case number, and asked that BECU stop calling as they were calling her cellular telephone number and she was represented by counsel. Once again she provided that counsel's name and telephone number.

2.11    Defendants made these ADAD calls to Plaintiff without her consent. Even had Plaintiff consented to receipt of collection calls from BECU on her cellular telephone before the calls began, that consent was verbally revoked on several occasions when she referred Defendants to her attorney, and/or advised Defendants to stop calling and/or that they were calling her on her cellular telephone.

2.12    Plaintiff was inconvenienced, her cellular telephone was temporarily rendered unusable by her, and she was otherwise injured in her business or property as a result of receiving the calls, including the predictive dialer calls.

2.13    Upon information and belief, Defendants made hundreds or more substantially similar calls to the telephones of persons in Washington State, including persons in King County, and to persons in other states.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 6



WILLIAMSON & WILLIAMS | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

2.14    Upon information and belief, Defendants intend to continue to make similar calls to the telephones of persons in Washington State and other states.

### III. CAUSES OF ACTION

3.1    Plaintiff realleges the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

### Count A. Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### (National Class 1)

3.2    Defendants have violated the Telephone Consumer Protection Act, including 47 U.S.C. § 227(b)(1)(A)(iii) in that they made calls utilizing "automatic telephone dialing equipment" to the cellular telephones of Plaintiff and other National Class members without their consent, express or implied.

3.3    As a result of said conduct, Plaintiff and members of National Class 1 have sustained damages, including paying charges as a result of their receipt of the "automatic telephone dialing equipment" calls and being injured in their business or property. Plaintiff and all members of said Classes are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental statutory or other damages.

### Count B. Violation of 15 U.S.C. § 1692(d)(5).
### (National Class 2)

3.4    Defendants Collection Agents 1-10 have violated the Fair Debt Collection Practices Act, including 15 U.S.C. § 1692(c)(a) (2) in that, knowing Plaintiff and members of National Class 2 were represented by an attorney with respect to an alleged debt, and knowing the attorney's name and telephone number or being in a position to readily obtain that information, they communicated directly with Plaintiff and the members of such class in connection with collection of said debt. Further, Defendants Collection Agents violated 15

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 7



WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

U.S.C. § 1692(d)(5) in that they made repeated calls to the telephones of Plaintiff and members of National Class 2 with intent to harass, and 15 U.S.C. § 1692(d)(6) in that they placed telephone calls to Plaintiff and members of National Class 2 without meaningful disclosure of their identity.

3.5    As a result of said conduct, Plaintiff and members of National Class 2 have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental statutory and other damages.

**Count C. Violation of The Washington Consumer Protection Act (RCW 19.86)**
**(Washington State Class)**

3.6    Defendants Collection Agents 1-10 have violated the Washington Collection Agency Act, including RCW 19.16.250 (16) in that they made telephone calls for which charges were payable by the party to whom the calls were made, that is Plaintiff and members of the State Class.

3.7    Under RCW 19.16.440, said Defendants' violation of RCW 19.16.250 violated RCW 19.86, *et seq.,* the Washington Consumer Protection Act ("CPA").

3.8    Said Defendants' above described actions were unfair or deceptive acts or practices in the conduct of trade or commerce in violation of RCW 19.86.020.

3.9    In addition, Defendant BECU violated RCW 19.86.020 by its above described actions which were unfair practices in the conduct of trade or commerce.

3.10    As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages, including injury to their business or property in the form of paying charges as a result of one or more of Defendants "automatic telephone dialing equipment" calls, and loss of use of their telephones while said Defendants' calls were tying up their lines,



WILLIAMSON & WILLIAMS    17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (fax)
www.williamslaw.com

disruption of their work and other activities, and damages for harassment.   Under the CPA,

Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants'

unlawful conduct, as well as incidental and statutory damages and treble that amount as

determined by law, and costs of suit and attorney's fees.

**Count G.  Declaratory Relief Under The Washington**
**Declaratory Judgment Act (RCW 7.24.010) (Washington State Class)**

3.11    Defendants BECU and Does 1-10 used "automatic telephone dialing equipment"

to make collection calls to the cellular telephones of persons in Washington and other states

without the called parties' consent, which caused the called parties to suffer injury to their

business or property.  Defendants made repeated calls to the telephones of Plaintiff and

members of the Washington Class with intent to harass, and made telephone calls to the

telephones of Plaintiff and members of the Washington State Class for which charges were

payable by the party to whom the calls were made.

3.12    An actual controversy now exists between Plaintiff and the other members of the

Classes on the one hand, and Defendants on the other hand, concerning their respective rights

and duties.

3.13    Plaintiff and the Classes are entitled to have their rights, status, and legal

relations relating to Defendants' telephone calls to them under the circumstances described

above established by this Court.

## IV. CLASS ACTION ALLEGATIONS

4.1    Plaintiff realleges the foregoing paragraphs as if fully stated herein.



**WILLIAMSON & WILLIAMS** 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (fax)
www.williamslaw.com

4.2     This class action is brought and may be maintained pursuant to CR 23(b)(2) and

(b)(3).  Plaintiff seeks to represent two National Classes and one Washington Class comprised

of:

> National Class 1:  All persons, including entities, in the United
> States to whom Defendants placed calls utilizing "automatic
> telephone dialing equipment" to the cellular telephones of
> Plaintiff and other Class and members without their consent, at
> any time for the period that begins four years from the date of the
> filing of this action to trial;

> National Class 2:  All persons, including entities, in the United
> States with whom Defendants Collection Agents 1-10, knowing
> said persons were represented by an attorney with respect to an
> alleged debt and knowing the attorney's name and telephone
> number or being in a position to readily obtain that information,
> communicated directly in connection with collection of said debt,
> at any time for the period that begins four years from the date of
> the filing of this action to trial;

> National Class 3:  All persons, including entities, in the United
> States to whom Defendants Collection Agents 1-10 placed
> repeated calls with intent to annoy, harass or abuse,  at any time
> for the period that begins four years from the date of the filing of
> this action to trial;

> National Class 4:  All persons, including entities, in the United
> States to whom Defendants Collection Agents 1-10 placed
> telephone calls without meaningful disclosure of the caller's
> identity,  at any time for the period that begins four years from
> the date of the filing of this action to trial;

> Washington State Class:  All Washington persons, including
> entities, to whom Defendants made telephone calls for which
> charges were payable by the party to whom the calls were made
> and/or which were otherwise unfair or deceptive acts or practices
> in the conduct of trade or commerce, at any time for the period
> that begins four years from the date of the filing of this action to
> trial;

4.3     **Numerosity.**  The Classes are each so numerous that joinder of all members is

impracticable.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 10



WILLIAMSON
& WILLIAMS    17253 AGATE STREET NE
RAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.willamslaw.com

4.4     **Common Questions of Law and Fact.**  The questions of law and fact are the same for all members of each Class, including whether the Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)(iii), 47 C.F.R. § 64.1200(a)(1)(iii), 15 U.S.C. § 1692(d)(5) and/or RCW 19.86 *et seq.*

4.5     **Plaintiff's Claims are Typical of the Classes.**  Plaintiff's claims are typical of the all members of the Classes in that they arise from Defendants' repeated violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 C.F.R. § 64.1200(a)(1)(iii), 15 U.S.C. § 1692(d)(5) and/or RCW 19.86 *et seq* as to Plaintiff and all other Class members.

4.6     **Plaintiff Will Fairly and Adequately Protect The Classes.**  Plaintiff will adequately represent and protect the interests of the Classes because she has retained competent and experienced counsel and her interests in the litigation are not antagonistic to the other members of the Classes.

4.7     **A Class Action is Maintainable Under CR 23(b)(3).**  The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to Defendants' unlawful telephone calls.  The prosecution of separate actions by individual members of the Classes against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment.  On information and belief, there are no other pending class actions concerning these issues.  A class action is superior to any other available means for the adjudication of this controversy.  This action will cause an orderly and expeditious administration of the Classes claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 11



WILLIAMSON & WILLIAMS | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

4.8     **A Class Action is Maintainable Under CR 23(b)(2).** Defendants have acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of herself and the Classes of similarly situated individuals, respectfully request that the Court enter judgment in her favor and in favor of the Classes for:

A.     Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B.     Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to violate the law as outlined above;

C.     Judgment against Defendants for incidental statutory damages of $500.00 per legal violation occurring as a result of each message sent to Plaintiff and each member of the Classes, and other damages, including treble damages of $1,500 per message for willful or knowing statutory violations, and actual damages as are permitted under federal and state law;

D.     Judgment against Defendants for attorney's fees and costs of suit as permitted by law;

E.     Any other or further relief which the Court deems fair and equitable.

///

///

///

///

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 12



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

DATED THIS __ day of August, 2011.

Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387
Williamson & Williams
17253 Agate Street NE
Bainbridge Island, WA  98110
Telephone: (206) 780-4447
Fax: (206) 780-5557
Email: kim@williamslaw.com
        roblin@williamslaw.com

DAWSON LAW
Duane M. Dawson, WSBA #41308
8825 34th Ave NE #L-537
Marysville, WA 98271
Telephone: (425) 405-5750
Fax: (425) 974-7439
Email: dmdawson8@gmail.com

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 13

**WILLIAMSON & WILLIAMS**  17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

FILED

11 SEP 08 PM 3:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-30999-1 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Cheryl Pennant | NO.  11-2-30999-1    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| Boeing Employees Credit Union Financial Services, Inc | ASSIGNED JUDGE  Hilyer            40 |
| | FILE DATE:                    09/08/2011 |
| Defendant(s) | **TRIAL DATE:              02/25/2013** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____    |    _____
Print Name                                        Sign Name

### I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  The court will review the confirmation of joinder document to determine if a
hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu  09/08/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Thu  02/16/2012 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Thu  02/16/2012 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Thu  03/01/2012 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon  09/24/2012 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon  11/05/2012 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon  11/19/2012 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | Mon  11/19/2012 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon  01/07/2013 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon  01/28/2013 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon  02/04/2013 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*] | Mon  02/04/2013 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon  02/11/2013 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Tue  02/19/2013 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Tue  02/19/2013 | * |
| Trial Date [*See KCLCR 40*]. | Mon  02/25/2013 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   09/08/2011

*Richard F. McDermott*

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report:
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.**  Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

*C.    Form*

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

_____
**PRESIDING JUDGE**

FILED

11 SEP 08 PM 3:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-30999-1 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Cheryl Pennant | NO.  11-2-30999-1 SEA |
| VS | |
| Boeing Employees Credit Union Financi | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

## CAUSE OF ACTION

**(TTO) -**     TORT, NON-MOTOR VEHICLE

## AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED

11 SEP 08 PM 3:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-30999-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| CHERYL PENNANT, | |
|---|---|
| Plaintiff, | No. |
| | **SUMMONS** |
| vs. | |
| BOEING EMPLOYEES CREDIT UNION FINANCIAL SERVICES, INC.,  and COLLECTION AGENTS 1-10, | |
| Defendants. | |

TO: Defendants

A lawsuit has been started against you in the above-entitled Court by the

Plaintiff.  Plaintiff's claim is stated in the written Complaint, a copy of which is served

upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by

stating your defense in writing, and serve a copy upon the undersigned attorney for the

Plaintiff within twenty (20) days after the service of this Summons, or within sixty (60)

days if this Summons was served outside the State of Washington, excluding the day of

service, or a default judgment may be entered against you without notice.  A default

SUMMONS -1

**WILLIAMSON**
**& WILLIAMS**

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

judgment is one where the Plaintiff is entitled to what has been asked for because you

have not responded.  If you serve a notice of appearance on the undersigned attorney, you

are entitled to notice before a default judgment may be entered.

      If you wish to seek the advice of an attorney in this matter, you should do so

promptly so that your written response, if any, may be served on time.

      THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules

of the State of Washington.

      DATED this ___8th___ day of September, 2011.

Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387
Williamson & Williams
17253 Agate Street NE
Bainbridge Island, WA  98110
Telephone: (206) 780-4447
Fax: (206) 780-5557
Email: kim@williamslaw.com
       roblin@williamslaw.com


DAWSON LAW
Duane M. Dawson, WSBA #41308
8825 34th Ave NE #L-537
Marysville, WA 98271
Telephone: (425) 405-5750
Fax: (425) 974-7439
Email: dmdawson8@gmail.com

*Attorneys for Plaintiff and the Classes and
Subclasses*

SUMMONS -2



FILED

11 SEP 08 PM 3:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-30999-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

CHERYL PENNANT,

                        Plaintiff,

vs.

BOEING EMPLOYEES CREDIT UNION
FINANCIAL SERVICES, INC., and
COLLECTION AGENTS 1-10,

                        Defendants.

Case No.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY
RELIEF

Plaintiff Cheryl Pennant, individually and as class representative for two National

Classes of similarly situated individuals and a Washington State Class of similarly situated

individuals, alleges as follows:

## I. PARTIES, JURISDICTION, VENUE

    1.1    Defendant Boeing Employees Credit Union Financial Services, Inc., (BECU) is

a credit union with its principal offices in Seattle, Washington.

    1.2    Defendants Collection Agents 1-10, whose names are presently not known but

which Plaintiff anticipates will be identified through discovery, are licensed debt collection

companies doing business in Washington State and other states.  Upon identification of

Collection Agents' true names, Plaintiff will request leave to amend this Complaint to name

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 1


WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

said Collection Agents as defendants in this action. The Defendant BECU hired or contracted with Defendant Collection Agents to perform debt collection services for BECU.

1.3   Plaintiff Cheryl Pennant was, at all pertinent times, a resident of Lynnwood, Snohomish County, Washington, and the owner of the cellular telephone on which she receives calls, including those which are the subject of this Complaint.

1.4   The calls in question were received on Plaintiff Pennant's cellular telephone in Snohomish County, Washington, or other locations where Plaintiff was in possession of her cellular telephone.  When the calls were received, Ms. Pennant's only telephone was her cellular telephone.

1.5   Venue and jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Article 4, § 6.

## II. FACTS

2.1   On multiple occasions in 2011, Defendants placed calls to Plaintiff Pennant's cellular telephone number in order to collect debts allegedly owed by said Plaintiff to Defendant BECU.  Between approximately April 1, 2011 and the present Defendants placed approximately 120 such calls to Plaintiff Pennant, sometimes calling up to five times per day and more than fifteen times in a single week.

2.2   Defendants made some or all of the calls by utilizing "automatic telephone dialing equipment" otherwise known as ADAD and/or predictive dialer equipment.  The calls were received from various numbers, including 206-439-5700 and 5787, 206-890-1949, 800-289-8004, 206-812-5370, 877-500-7607, 888-918-7331, and "Unknown" which showed on Plaintiff Pennant's caller ID and in her cellular telephone history.  Defendants placed these

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 2



calls to Ms. Pennant's cellular telephone number in an effort to reach her for collection

purposes.

2.3     Plaintiff Pennant has been a member of BECU for over 10 years, and since that

time, Plaintiff obtained a Visa Card and an unsecured line of credit from BECU. While she

does not recall doing so, Plaintiff may have provided Defendant BECU with her cellular

telephone number in a credit application or during a telephone call. In approximately March,

2011, Plaintiff was financially unable to continue payments on the BECU Visa card, BECU

line of credit, and on other of her debts and retained counsel to assist her in planning to file a

federal Chapter 13 bankruptcy petition and seeking a stay of collection efforts against her.

2.4     On or about April 1, 2011, Ms. Pennant received a call on her cellular telephone

from "Stacy," a representative of BECU, advising her that her account was past due. Ms.

Pennant responded that she was filing for bankruptcy, and provided the BECU representative

with the name and contact information, including telephone number, for her bankruptcy lawyer.

The BECU representative stated that BECU would not stop their collection calls to Plaintiff

Pennant until they had a bankruptcy case number. Despite being advised of the name and

contact information for her bankruptcy attorney, BECU called Plaintiff Pennant on her cellular

telephone another approximately 25 times between April 1 and April 27, 2011, never leaving a

message on her telephone answering machine but, nevertheless, tying up the line for the period

of time during which the call was connected.

2.5     On April 27, 2011, Plaintiff Pennant returned an ADAD telephone call from

Defendant BECU to 206-439-5787, again advised the answering party that she was in the

process of planning to file Chapter 13 bankruptcy and again provided her attorney's name and

telephone number as her contact information. The BECU representative advised Plaintiff

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 3



WILLIAMSON & WILLIAMS    17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Pennant that they could continue to call her because they were a first party trying to collect a debt.

2.6     Between April 27, 2011 and May 14, 2011, Defendants placed approximately 23 ADAD calls to Plaintiff Pennant's cellular telephone, hanging up when her voice mail picked up the calls. On May 14, 2011, Plaintiff received a call on her cellular telephone from 206-439-5787, which she answered and again advised the BECU representative that she was still in the process of planning a Chapter 13 bankruptcy and provided her attorney's contact information, and the representative responded that BECU was still going to call her because there was no case number yet and they were a first party collector.

2.7     Between May 14, 2011 and June 2, 2011, Defendants placed approximately 30 ADAD calls to Plaintiff Pennant's cellular telephone from various telephone numbers, hanging up whenever the answering machine picked up the call. On June 1 and June 2, 2011, Defendants also placed one ADAD call each day to Plaintiff Pennant's cellular telephone from "unknown" numbers and left automated voice messages on Plaintiff Pennant's voice mail which said: "Again, you are being contacted by BECU. Please call 206-812-5370 or 800-233-2328 x 5370. Again, this is not a solicitation. Please call as soon as you receive this message." On June 2, 2011, Plaintiff Pennant returned a call to 206-812-5370 and again advised BECU that she was planning a Chapter 13 bankruptcy proceeding and there was no case number yet. Plaintiff Pennant then specifically warned BECU that they were calling her cell phone, that she was represented by counsel, and that BECU may no longer contact her at her cell phone number. Plaintiff then again referred BECU to her attorney. The BECU representative "Diana" responded that, because they were a first party collector, BECU would continue to call Plaintiff, but, also that, due to the number of calls Plaintiff was receiving and Plaintiff's request

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 4


WILLIAMSON & WILLIAMS   17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

that the calls stop, the representative would try to "push through a charge off" to see if that would help reduce or eliminate the telephone calls.

2.8     On June 3, Defendants placed two ADAD calls to Plaintiff from a new telephone number, 877-500-7697, and left no messages.  On June 4, Defendants placed another ADAD call to Plaintiff from another new telephone number, 888-918-7331, and left no message.   On June 6, 2011, Defendants placed three separate ADAD calls to Plaintiff Pennant. The first call, at approximately 9:24 a.m. did not leave a message.  The second call at approximately 10:33 a.m. from "unknown" left a prerecorded message stating, in essence "Again, you are being contacted by BECU.  Please call 206-812-5370 or 800-233-2328 x 5370. Again, this is not a solicitation.  Please call as soon as you receive this message".  Plaintiff Pennant immediately returned the second call which was answered by a BECU representative. Plaintiff advised BECU that she was still in the process of planning her bankruptcy proceeding but there was no case number yet, and asked that BECU please stop calling her as they were calling her cellular telephone and she was represented by counsel.  She once again provided BECU with the name and telephone number of her legal counsel.  At approximately 6:57 p.m. on June 6, 2011, BECU again placed an ADAD call to Ms. Pennant's cellular telephone from "unknown," but did not leave a message on her answering machine.

2.9     Between June 6, 2011 and June 28, 2011, Defendants placed approximately 18 ADAD calls to Ms. Pennant's cellular telephone from various numbers, at least six of which left automated messages identical to the message left on June 6, 2011 on Ms. Pennant's cellular telephone answering machine, and the remainder of which were "hang up" calls.  On June 28, 2011, Ms. Pennant returned one of the calls to 206-812-5370, which was answered by a BECU representative.  Ms. Pennant advised the representative that she was still in the process of

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 5



WILLIAMSON & WILLIAMS | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

planning a bankruptcy, said that she did not yet have a case number, and asked that BECU stop calling as they were calling her cellular telephone number and she was represented by counsel. Once again she provided that counsel's name and telephone number.

2.10    Between June 28, 2011 and the present, Defendants have placed another approximately 20 ADAD calls to Plaintiff Pennant's cellular telephone from various numbers, at least four of which left automated messages on Ms. Pennant's cellular telephone answering machine identical to the message left on June 6, 2011, and the remainder of which, save one, were "hang up" calls.  On August 17, 2011, Ms. Pennant returned one of the calls, which was answered by a BECU representative.  Ms. Pennant advised the representative that she was still in the process of planning a bankruptcy, said she did not yet have a case number, and asked that BECU stop calling as they were calling her cellular telephone number and she was represented by counsel.  Once again she provided that counsel's name and telephone number.

2.11    Defendants made these ADAD calls to Plaintiff without her consent.  Even had Plaintiff consented to receipt of collection calls from BECU on her cellular telephone before the calls began, that consent was verbally revoked on several occasions when she referred Defendants to her attorney, and/or advised Defendants to stop calling and/or that they were calling her on her cellular telephone.

2.12    Plaintiff was inconvenienced, her cellular telephone was temporarily rendered unusable by her, and she was otherwise injured in her business or property as a result of receiving the calls, including the predictive dialer calls.

2.13    Upon information and belief, Defendants made hundreds or more substantially similar calls to the telephones of persons in Washington State, including persons in King County, and to persons in other states.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 6



2.14    Upon information and belief, Defendants intend to continue to make similar calls to the telephones of persons in Washington State and other states.

### III. CAUSES OF ACTION

3.1    Plaintiff realleges the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

### Count A. Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### (National Class 1)

3.2    Defendants have violated the Telephone Consumer Protection Act, including 47 U.S.C. § 227(b)(1)(A)(iii) in that they made calls utilizing "automatic telephone dialing equipment" to the cellular telephones of Plaintiff and other National Class members without their consent, express or implied.

3.3    As a result of said conduct, Plaintiff and members of National Class 1 have sustained damages, including paying charges as a result of their receipt of the "automatic telephone dialing equipment" calls and being injured in their business or property. Plaintiff and all members of said Classes are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental statutory or other damages.

### Count B. Violation of 15 U.S.C. § 1692(d)(5).
### (National Class 2)

3.4    Defendants Collection Agents 1-10 have violated the Fair Debt Collection Practices Act, including 15 U.S.C. § 1692(c)(a) (2) in that, knowing Plaintiff and members of National Class 2 were represented by an attorney with respect to an alleged debt, and knowing the attorney's name and telephone number or being in a position to readily obtain that information, they communicated directly with Plaintiff and the members of such class in connection with collection of said debt. Further, Defendants Collection Agents violated 15

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 7



WILLIAMSON & WILLIAMS   17253 AGATE STREET NE BAINBRIDGE ISLAND, WA 98110 (206) 780-4447 (206) 780-5557 (FAX) www.williamslaw.com

U.S.C. § 1692(d)(5) in that they made repeated calls to the telephones of Plaintiff and members of National Class 2 with intent to harass, and 15 U.S.C. § 1692(d)(6) in that they placed telephone calls to Plaintiff and members of National Class 2 without meaningful disclosure of their identity.

3.5     As a result of said conduct, Plaintiff and members of National Class 2 have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental statutory and other damages.

**Count C. Violation of The Washington Consumer Protection Act (RCW 19.86)**
**(Washington State Class)**

3.6     Defendants Collection Agents 1-10 have violated the Washington Collection Agency Act, including RCW 19.16.250 (16) in that they made telephone calls for which charges were payable by the party to whom the calls were made, that is Plaintiff and members of the State Class.

3.7     Under RCW 19.16.440, said Defendants' violation of RCW 19.16.250 violated RCW 19.86, *et seq.,* the Washington Consumer Protection Act ("CPA").

3.8     Said Defendants' above described actions were unfair or deceptive acts or practices in the conduct of trade or commerce in violation of RCW 19.86.020.

3.9     In addition, Defendant BECU violated RCW 19.86.020 by its above described actions which were unfair practices in the conduct of trade or commerce.

3.10     As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages, including injury to their business or property in the form of paying charges as a result of one or more of Defendants "automatic telephone dialing equipment" calls, and loss of use of their telephones while said Defendants' calls were tying up their lines,

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 8



WILLIAMSON
& WILLIAMS    17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

disruption of their work and other activities, and damages for harassment.   Under the CPA,

Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendants'

unlawful conduct, as well as incidental and statutory damages and treble that amount as

determined by law, and costs of suit and attorney's fees.

<h3 style="text-align:center">Count G.  Declaratory Relief Under The Washington<br/>Declaratory Judgment Act (RCW 7.24.010) (Washington State Class)</h3>

3.11     Defendants BECU and Does 1-10 used "automatic telephone dialing equipment"

to make collection calls to the cellular telephones of persons in Washington and other states

without the called parties' consent, which caused the called parties to suffer injury to their

business or property.  Defendants made repeated calls to the telephones of Plaintiff and

members of the Washington Class with intent to harass, and made telephone calls to the

telephones of Plaintiff and members of the Washington State Class for which charges were

payable by the party to whom the calls were made.

3.12     An actual controversy now exists between Plaintiff and the other members of the

Classes on the one hand, and Defendants on the other hand, concerning their respective rights

and duties.

3.13     Plaintiff and the Classes are entitled to have their rights, status, and legal

relations relating to Defendants' telephone calls to them under the circumstances described

above established by this Court.

<h2 style="text-align:center">IV. CLASS ACTION ALLEGATIONS</h2>

4.1     Plaintiff realleges the foregoing paragraphs as if fully stated herein.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 9


WILLIAMSON & WILLIAMS | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

4.2     This class action is brought and may be maintained pursuant to CR 23(b)(2) and

(b)(3).  Plaintiff seeks to represent two National Classes and one Washington Class comprised

of:

> National Class 1:  All persons, including entities, in the United States to whom Defendants placed calls utilizing "automatic telephone dialing equipment" to the cellular telephones of Plaintiff and other Class and members without their consent, at any time for the period that begins four years from the date of the filing of this action to trial;

> National Class 2:  All persons, including entities, in the United States with whom Defendants Collection Agents 1-10, knowing said persons were represented by an attorney with respect to an alleged debt and knowing the attorney's name and telephone number or being in a position to readily obtain that information, communicated directly in connection with collection of said debt, at any time for the period that begins four years from the date of the filing of this action to trial;

> National Class 3:  All persons, including entities, in the United States to whom Defendants Collection Agents 1-10  placed repeated calls with intent to annoy, harass or abuse,  at any time for the period that begins four years from the date of the filing of this action to trial;

> National Class 4:  All persons, including entities, in the United States to whom Defendants Collection Agents 1-10  placed telephone calls without meaningful disclosure of the caller's identity,  at any time for the period that begins four years from the date of the filing of this action to trial;

> Washington State Class:  All Washington persons, including entities, to whom Defendants made telephone calls for which charges were payable by the party to whom the calls were made and/or which were otherwise unfair or deceptive acts or practices in the conduct of trade or commerce, at any time for the period that begins four years from the date of the filing of this action to trial;

4.3     **Numerosity.**  The Classes are each so numerous that joinder of all members is

impracticable.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 10



WILLIAMSON & WILLIAMS   17253 AGATE STREET NE BAINBRIDGE ISLAND, WA 98110 (206) 780-4447 (206) 780-5557 (FAX) www.williamslaw.com

4.4    **Common Questions of Law and Fact.** The questions of law and fact are the same for all members of each Class, including whether the Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)(iii), 47 C.F.R. § 64.1200(a)(1)(iii), 15 U.S.C. § 1692(d)(5) and/or RCW 19.86 *et seq.*

4.5    **Plaintiff's Claims are Typical of the Classes.** Plaintiff's claims are typical of the all members of the Classes in that they arise from Defendants' repeated violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 C.F.R. § 64.1200(a)(1)(iii), 15 U.S.C. § 1692(d)(5) and/or RCW 19.86 *et seq* as to Plaintiff and all other Class members.

4.6    **Plaintiff Will Fairly and Adequately Protect The Classes.** Plaintiff will adequately represent and protect the interests of the Classes because she has retained competent and experienced counsel and her interests in the litigation are not antagonistic to the other members of the Classes.

4.7    **A Class Action is Maintainable Under CR 23(b)(3).** The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to Defendants' unlawful telephone calls. The prosecution of separate actions by individual members of the Classes against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Classes claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.



4.8    **A Class Action is Maintainable Under CR 23(b)(2).**  Defendants have acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of herself and the Classes of similarly situated individuals, respectfully request that the Court enter judgment in her favor and in favor of the Classes for:

A.    Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B.    Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to violate the law as outlined above;

C.    Judgment against Defendants for incidental statutory damages of $500.00 per legal violation occurring as a result of each message sent to Plaintiff and each member of the Classes, and other damages, including treble damages of $1,500 per message for willful or knowing statutory violations, and actual damages as are permitted under federal and state law;

D.    Judgment against Defendants for attorney's fees and costs of suit as permitted by law;

E.    Any other or further relief which the Court deems fair and equitable.

/// 

/// 

/// 

/// 

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 12



DATED THIS __ day of August, 2011.

Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387
Williamson & Williams
17253 Agate Street NE
Bainbridge Island, WA  98110
Telephone: (206) 780-4447
Fax: (206) 780-5557
Email: kim@williamslaw.com
        roblin@williamslaw.com

DAWSON LAW
Duane M. Dawson, WSBA #41308
8825 34th Ave NE #L-537
Marysville, WA 98271
Telephone: (425) 405-5750
Fax: (425) 974-7439
Email: dmdawson8@gmail.com

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 13

**WILLIAMSON & WILLIAMS**  17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com



FILED

11 SEP 21  AM 10:19

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA

1
2
3
4
5
6
7

## SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

8

| CHERYL PENNANT | Cause #:   11-2-30999-1 SEA |

Plaintiff/Petitioner

9
10

Declaration of Service of:

VS.
BOEING EMPLOYEES CREDIT UNION FINANCIAL
SERVICES, INC.; ET AL

SUMMONS; COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF; ORDER SETTING CIVIL
CASE SCHEDULE

11

Defendant/Respondent

12

Hearing Date:

13
14

Declaration:

15

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

16
17

On the date and time of Sep 16 2011 1:04PM at the address of 12770 GATEWAY DR TUKWILA, within the County of KING, State of WASHINGTON, the declarant duly served the above described documents upon J. PARKER CANN as Registered Agent for BOEING EMPLOYEES CREDIT UNION FINANCIAL SERVICES, INC.   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with Ryan Ko, ATTORNEY, An Asian male approx. 35-45 years of age, 5'8"-6'0" tall, weighing 160-180 lbs with black hair..

18
19
20

No information was provided that indicates that the subjects served are members of the U.S. military.

21

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

22

Dated: September 20, 2011 at Seattle, WA

23
24

by _____

C. Legge      9202901

Service Fee Total: $ 68.48

25
26
27
28

ABC Legal Services, Inc.
206 521-9000
Tracking #: 9215593

### ORIGINAL
### PROOF OF SERVICE

Page 1 of 1

11057
Williamson & Williams
17253 Agate St NE
Bainbridge Island, WA   98110
206 780-4447

FILED

11 OCT 05 PM 3:22

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-30999-1 SEA

1

2

3

4

5

6

7    SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8    CHERYL PENNANT

9                                    Plaintiff,        No. 11-2-30999-1 SEA

10        v.                                            NOTICE OF APPEARANCE

11   BOEING EMPLOYEES CREDIT UNION
     FINANCIAL SERVICES, INC., and
12   COLLECTION AGENTS 1-10,

13                                    Defendants.

14   TO:         CLERK OF THE COURT
     AND TO:     ALL COUNSEL OF RECORD

15        **YOU AND EACH OF YOU PLEASE TAKE NOTICE** that Tim J. Filer and Neil A.

16   Dial of Foster Pepper PLLC, 1111 Third Avenue, Suite 3400, Seattle, Washington 98101, 206-

17   447-4400 hereby appear as counsel for Defendant Boeing Employees Credit Union Financial

18   Services, Inc. effective immediately.   All papers and pleadings in this case, except original

19   process, shall hereafter be served on the appearing attorney at the office address listed below:

20

21        Tim J. Filer, WSBA No. 16285
          Neil A. Dial, WSBA No. 29599
22        FOSTER PEPPER PLLC
          1111 Third Avenue, Suite 3400
23        Seattle, WA  98101
          Phone: (206) 447-4400
24        Email: Filet@foster.com
                 Dialn@foster.com
25

26        This Appearance is entered without waiver of any rights or defenses whatsoever.

NOTICE OF APPEARANCE - 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51172195.1

1   DATED this 5th day of October, 2011.

2                                       FOSTER PEPPER PLLC

3

4                                        *s/ Neil A. Dial*

5                                       Tim J. Filer, WSBA No. 16285
                                        Neil A. Dial, WSBA No. 29599
6                                       FOSTER PEPPER PLLC
                                        1111 Third Avenue, Suite 3400
7                                       Seattle, WA  98101
                                        Phone:  (206) 447-4400
8                                       Email:  dialn@foster.com

9                                       **Attorneys for Defendant Boeing Employees**
10                                      **Credit Union Financial Services, Inc.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51172195.1

FILED

11 OCT 05 PM 3:22

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-30999-1 SEA

1

2

3

4

5

6

7         SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8    CHERYL PENNANT,                          The Honorable

9                          Plaintiff,          No. 11-2-30999-1 SEA

10        v.                                   CERTIFICATE OF SERVICE

11   BOEING EMPLOYEES CREDIT UNION
12   FINANCIAL SERVICES, INC., and
     COLLECTION AGENTS 1-10,
13
14                         Defendants.

15

16        I, Jan D. Howell, hereby state that on October 5, 2011, I caused to be served true and

17   correct copies of the following:

18        1.    Notice of Appearance; and

19        2.    this Certificate Of Service.

20   upon the following counsel in the manner noted below:

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1                        FOSTER PEPPER PLLC
                                                1111 THIRD AVENUE, SUITE 3400
                                                SEATTLE, WASHINGTON 98101-3299
                                          PHONE (206) 447-4400  FAX (206) 447-9700

51169745.1

1

2     **Counsel for Plaintiff Cheryl Pennant**

3     Kim Williams                              ☒ *Via Regular U.S. Mail*
      Rob Williamson                           ☐ *Via Messenger*
4     Williamson & Williams                    ☐ *Via Facsimile to:*
5     17253 Agate Street NE                    ☒ *Via email to:*
      Bainbridge Island, WA  98110
6     Ph: 206-780-4447
      Fax: 206-780-5557
7     kim@williamslaw.com
8     roblin@williamslaw.com

9     **Counsel for Plaintiff Cheryl Pennant**

10    Duane M. Dawson                          ☒ *Via Regular U.S. Mail*
      8825 - 34th Ave. NE #L-537               ☐ *Via Messenger*
11    Marysville, WA  98271                    ☐ *Via Facsimile to*
12    Ph: 425-405-5750                         ☒ *Via email*
      Fax: 425-974-7439
13    Dmdawson8@gmail.com

14

15            I certify under penalty of perjury under the laws of the State of Washington that the

16    foregoing is true and correct.

17            Executed at Seattle, Washington on October 5, 2011.

18

19                                             *Jan D. Howell*
20                                             Jan D. Howell

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 2

51169745.1